PROB 12
(Rev. 10/93)



# United States District Court

for the

## Eastern District of Pennsylvania

March 17, 2010

U.S.A. vs. Derrick Williams    Case No. 91-570-20

## VIOLATION OF SUPERVISED RELEASE

COMES NOW Kenneth M. Bergmann U. S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Derrick Williams who was placed on Supervised Release by the Honorable Marvin Katz sitting in the Court at Philadelphia, PA, on the 6th day of November 1992 who fixed the period of supervision at five years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| ORIGINAL OFFENSE: | Conspiracy (Count One) |
| ORIGINAL SENTENCE: | The defendant was sentenced to custody of the U.S. Bureau of Prisons for a term on 223 months, to be followed by five years supervised release. |
| SPECIAL CONDITIONS: | None |
| JUDICIAL REASSIGNMENT: | On May 1, 2008, this case was reassigned to the calendar of the Honorable Eduardo C. Robreno. |
| DATE SUPERVISION COMMENCED: | September 1, 2005 |

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of his supervision under such circumstances as may warrant revocation. These conditions are:

A.  Standard Condition #1: The defendant shall not leave the judicial district without permission of the Court or probation officer.

   On February 23, 2010, a Philadelphia police officer provided this officer with photographs that were obtained from a suspect during a traffic stop. Pictured in a number of those photographs was Derrick Williams. It was learned that the photographs in question were taken on July 20, 2008, at 504 Franks Orchard Lane, New Castle, Delaware.

RE: Williams, Derrick
Case No. 91-570-20

During our investigation, this officer subsequently obtained recorded telephone conversations from the Pennsylvania Bureau of Prisons which involved Derrick Williams. The following is an excerpt of an August 2, 2008, telephone call Derrick Williams accepted from Aaron Jones, a state inmate serving a life sentence at Greene State Prison. During this conversation, Mr. Williams talked to inmate Jones about the aforementioned photographs which Jones said he received.

| | | |
|---|---|---|
| Williams: | | I was at a going away splash party for my boy "Bunna", he is about to go pro. |
| Jones: | | Is that over in New Jersey somewhere? |
| Williams: | | No, it is in Delaware. |

On March 10, 2010, this officer met with Detective Benjamin Feldmann of the New Castle County, Delaware Police Department. Detective Feldmann stated that he was aware of a party held on July 20, 2008, at 504 Franks Orchard Lane, New Castle, Delaware, because he responded to a call for a stabbing at that location on the aforementioned date. Detective Feldman provided this officer with a report indicating that Derrick Williams was interviewed by police at that party in reference to the stabbing incident.

Mr. Williams never requested, nor was granted permission by the Probation Office or the Court to travel to Delaware since his release from custody on September 1, 2005.

**GRADE OF VIOLATION**                                                                 **C**

B.  Standard Condition #3: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

On February 23, 2010, Mr. Williams reported to the U.S. Probation Office for a scheduled office visit. When walking through the metal detector, this officer found a glove in the defendant's coat pocket and hidden in the same was a BMW car key. As the defendant has never reported owning or operating a BMW vehicle, he was questioned as to why he had the key in his possession. Mr. Williams stated that he has been driving a BMW, which reportedly belonged to his mother, as his personal vehicle was being repaired.

The defendant was instructed to provide this officer with the license plate number of the BMW that he was operating. Mr. Williams stated that he did not know the license plate number, however, was instructed to call this officer with that information later in the day.

As of this date, Mr. Williams has failed to provide this officer with the above noted information as instructed.

**GRADE OF VIOLATION**                                                                 **C**

RE: Williams, Derrick
Case No. 91-570-20

C. <u>Standard Condition #9</u>: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

On July 29, 2009, this officer obtained copies of 11 recorded state prison conversations between the defendant and state inmate, Aaron Jones. The dates of these conversations range from July 9, 2008 to May 16, 2009. The calls were made from inmate Aaron Jones to the defendant's cell phone. It should be noted that prior to accepting the telephone calls from inmate Jones, there is a recorded message which specifically advises that a state inmate is calling and asks if the recipient of the call wishes to accept the same. Mr. Williams accepted the aforementioned calls from Aaron Jones having full knowledge that he was a state inmate.

On August 26, 2009, this officer informed Mr. Williams that the probation office was aware that since his release he has had telephone conversations with known felons that are presently incarcerated. Mr. Williams admitted to having conversations with inmates and told this officer, "I am not going to stop talking to people I have known for twenty years". A verbal warning was given to Mr. Williams informing him that he is not to have any further contact with known felons.

Subsequently, on February 5, 2010, this officer learned from prison officials that from July 15, 2009 until January 17, 2010, there were 26 phone calls made from various state prison inmates and accepted by Mr. Williams' reported cell phone number.

**GRADE OF VIOLATION** <u>C</u>

D. <u>Standard Condition #9</u>: The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

As noted above, on July 20, 2008, Mr. Williams was photographed at 504 Franks Orchard Road, New Castle, Delaware. In one of the photographs, Mr. Williams was pictured standing beside Alshonnon Muse, who at the time of the photograph was serving a term of supervised release in the Eastern District of Pennsylvania for a firearms offense.

**GRADE OF VIOLATION** <u>C</u>

RE: Williams, Derrick
Case No. 91-570-20

E.  <u>Standard Condition #11:</u> The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

As noted above, on July 20, 2008, Mr. Williams was interviewed by the New Castle County Police Department in reference to a stabbing incident that occurred on that date.

Mr. Williams failed to notify the U.S. Probation Office of his contact with law enforcement within 72 hours as required by the conditions of his release.

**GRADE OF VIOLATION**                                                                 C

PRAYING THAT THE COURT WILL ORDER... THAT THE SUMMONS SIGNED BY THE COURT ON FEBRUARY 19, 2010, REQUESTING A MODIFICATION HEARING BE WITHDRAWN AND THAT THE COURT ISSUANCE A SUMMONS DIRECTING THE NAMED SUPERVISED RELEASEE TO APPEAR AT A REVOCATION HEARING.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Marvin E. Green
Supervising U.S. Probation Officer

Place <u>Philadelphia, PA</u>
Date <u>March 17, 2010</u>

KMB

cc:  Assistant U.S. Attorney
     Defense Attorney
     Defendant

ORDER OF THE COURT
Considered and ordered this _17_ day of _March_, 20_10_ and ordered filed and made part of the records in the above case.

_____
U. S. District Court Judge

4