IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 91-570-20 |
| | : | |
| DERRICK WILLIAMS | : | |

DEFENDANT DERRICK WILLIAMS'S MEMORANDUM OF LAW
CONCERNING THE COURT'S SUPERVISED RELEASE TERMINATION
SENTENCING DISCRETION UNDER FORMER 18 U.S.C. § 3583(g) (amended 1994)

Derrick Williams is scheduled to appear before the Court on Tuesday, February 21, 2012, for a hearing on whether his supervised release should be revoked. Because the version of 18 U.S.C. § 3583 in effect at the time of his original conviction governs the revocation hearing, the defense submits this memorandum of law describing the limits that that version of the supervised release statute places on the Court's discretion in this case. As set forth in detail below, under the version of 18 U.S.C. § 3583 applicable to this case, the maximum term of imprisonment the Court may impose on Mr. Williams at this revocation hearing is 36 months. Moreover, the Court may not impose on Mr. Williams a further term of supervised release.

I.      PERTINENT FACTS AND PROCEDURAL HISTORY

On October 2, 1991, a grand jury in the Eastern District of Pennsylvania indicted Mr. Williams and others for conspiracy in violation of 21 U.S.C. § 846. Mr. Williams subsequently pleaded guilty before Judge Marvin Katz of the Eastern District of Pennsylvania. On November 6, 1992, he was sentenced to 223 months imprisonment and five years supervised release. Mr. Williams completed his term of imprisonment, and began his term of supervised release, on September 1, 2005. The case was transferred to this Court's supervision on May 1, 2008.

In April 2010, the Court held a hearing on whether Mr. Williams's supervised release should be revoked for a number of C violations of his conditions of release. Following the hearing, the Court revoked Mr. Williams's supervised release, sentenced him to imprisonment for one day, and ordered that he serve an additional term of supervised release of three years.

On August 2, 2011, Mr. Williams was stopped by Philadelphia Police officers, based on violations of the Pennsylvania Motor Vehicle Code and Philadelphia Code, at the direction of Drug Enforcement Administration agents. An illegal search of Mr. Williams's person during the stop produced nine ounces of cocaine. On August 19, 2011, at the request of Mr. Williams's probation officer, the Court issued a warrant ordering Mr. Williams's arrest in light of his supervised release violation. On January 12, 2012, the Eastern District of Pennsylvania, Judge Savage, ordered the fruit of that illegal search suppressed. The related charges against Mr. Williams have since been dismissed.

## II.   DISCUSSION

Mr. Williams's offense of conviction ended in 1991. The version of 18 U.S.C. § 3583 in effect at that time therefore governs the Court's authority to impose sentence – be it imprisonment or further supervised release – following a violation by Mr. Williams of the terms and conditions of his supervision. *See Johnson v. United States*, 529 U.S. 694, 702 (2000). Two subsections of the pre-1994 version of § 3583 in particular bear on the Court's revocation sentencing authority in this case: § 3583(e)(3), and § 3583(g).

At the time of Mr. Williams's offense conduct, § 3583(e)(3) provided that

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6) . . . . revoke a term of supervised release, and require the person to serve in prison all or part of the term of

2

> supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony . . . .

18 U.S.C. § 3583(e)(3) (amended 1994). And § 3583(g) provided that

> [i]f the defendant is found by the court to be in possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.

18 U.S.C. § (g) (amended 1994).

Taken together, these subsections impose four limitations on the Court in this case. First, they require that the Court terminate Mr. Williams's supervised release. *See United States v. Blackston*, 940 F.2d 877, 879 n.2 (3d Cir. 1991) (noting that where 3583(g) applies, "the district court is required to terminate supervised release . . . ."). Second, they direct the Court to impose on Mr. Williams a sentence of no less than 12 months imprisonment.

Third, they prohibit the Court from sentencing Mr. Williams to a further term of supervised release. As the plain text of the statute makes clear, the process prescribed by subsection (g) is not revocation, which would permit imposition of a further term of supervised release, but termination. *See* 18 U.S.C. § 3583(g). And as the Supreme Court stated in *Johnson*, termination of supervised release is a final result that ends the term of supervised release. *See Johnson*, 529 U.S. at 705-706 (noting, with respect to the meaning of the term "revoke" in § 3583(e)(3), that "[i]nstead of using 'terminate' with the sense of finality just illustrated in subsection (1), Congress used the verb 'revoke' and so at the least left the door open to a reading

3

of subsection (3) that would not preclude further supervised release after the initial revocation."). Consequently, once Mr. Williams has completed the term of imprisonment that the Court will impose on him for the instant violation, there can be no remaining term of supervised release for him to resume.

Granted, dicta in *Johnson* suggests that even following termination pursuant to § 3583(g), a district court may impose a further term of supervised release pursuant to 18 U.S.C. § 3583(a) (amended 1994).[1]  *See Johnson*, 529 U.S. at 708.  So far, it appears that only the Fourth Circuit has relied on that dicta to hold that a further term of supervised release may be imposed pursuant to 18 U.S.C. § 3583(a) after termination pursuant to § 3583(g).  *See United States v. Fareed,* 296 F.3d 243, 246-247 (4th Cir. 2002).  But, as the Seventh Circuit pointed out – and the government conceded – in *United States v. Russell*, 340 F.3d 450 (7th Cir. 2003), the Fourth Circuit's reading of 18 U.S.C. § 3583(a) is not only based entirely on dicta, but inherently problematic:

> Justice Souter's dicta regarding § 3553(a) would be relevant only if the Court had interpreted the term "revoke" to mean, as Justice Scalia advocated, an annulment or termination of the original term of supervised release, which it declined to do.
>
> Furthermore, the plain meaning of § 3583(a)'s text strongly suggests that subsection applies only to the initial setting of a supervised release term, providing in pertinent part that "[t]he court, in imposing a sentence to a term of imprisonment *for a felony or a misdemeanor*, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." . . . Congress's use of the phrase "for a felony or misdemeanor" can logically be interpreted as referring only to the underlying offense of conviction.  Although all federal convictions are either felonies or misdemeanors, the same cannot be said of all violations of a condition of supervised release, which can encompass conduct that

---

[1] At the time of Mr. Williams's offense, 18 U.S.C. § 3583(a) provided, "The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute."

4

> is neither a felony nor a misdemeanor (e.g., failure to report an arrest to a probation officer). This interpretation of § 3583(a) is further bolstered by the existence of a more specific statute, § 3583(e)(3), which, unlike § 3583(a), specifically authorizes district courts to revoke a defendant's term of supervised release.

*Russell*, 340 F.3d at 456-457 (substitution and emphasis in original). The Sixth and Eighth Circuits have since acknowledged the *Russell* Court's reading of § 3583(a) as persuasive. *See, e.g.*, *United States v. Van Hoose*, 437 F.3d 497, 505-506 (6th Cir. 2006) ("The Seventh Circuit also persuasively argued that [*United States v.*] *Marlow*'s holding is inconsistent with the text of § 3583(a) and ignores the canon of statutory interpretation that the specific (§ 3583(e)(3)) governs the general (§ 3583(a))."); *United States v. Palmer*, 380 F.3d 395, 398 (8th Cir. 2004). The Court should therefore adopt the Seventh Circuit's interpretation of 18 U.S.C. § 3583(a) (amended 1994) and find that it lacks the authority to impose on Mr. Williams an additional term of supervised release following his imminent supervised release termination sentence.

Fourth, and finally, §§ 3583(e)(3) and (g) together require that the Court not sentence Mr. Williams to more than 35 months and 29 days in prison after it terminates his supervised release. As the Third Circuit held in *United States v. Blackston*, 940 F.2d 877 (3d Cir. 1991), 18 U.S.C. § 3583(e)(3)'s limits on revocation sentences apply to termination sentences under § 3583(g). *See id.* at 879-880. Revocation sentences under § 3583(e)(3), in turn, are limited by the plain text of the statute to "all or part of the term of supervised release without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3) (amended 1994). Courts have held that this language limits a revocation sentence to the length of the present term of supervised release. *See United States v. Anderson*, 15 F.3d 278, 282 (2d Cir. 1994) ("[A] district court may require a person to serve time equal to the length of the term of supervised release.") (cited with

approval in *United States v. Doe*, 617 F.3d 766, 773 (3d Cir. 2010)).

Mr. Williams is presently subject to a three year term of supervised release. The termination sentence he will receive under § 3583(g) is subject to the limitations of § 3583(e)(3), including its restriction that incarceration sentences cannot exceed the length of the present term of supervised release. As Mr. Williams has already served a day in prison, his maximum termination sentence is limited to 35 months and 29 days of incarceration.

### III. CONCLUSION

For the reasons set forth in detail above, defendant Derrick Williams submits that while the Court must terminate his term of supervised release and sentence him to at least one year imprisonment, it may not impose a sentence exceeding 35 months, 29 days imprisonment, nor impose an additional term of supervised release to follow his termination sentence.

Respectfully submitted,

/s Michael D. Raffaele
JAMES J. McHUGH, JR.
Assistant Federal Defender

MICHAEL D. RAFFAELE
Research & Writing Attorney

CERTIFICATE OF SERVICE

I, Michael D. Raffaele, Research & Writing Attorney, Federal Community Defender Office for the Eastern District of Pennsylvania, served an electronic copy of Defendant Derrick Williams's Memorandum of Law Concerning the Court's Supervised Release Termination Sentencing Discretion Under Former 18 U.S.C. § 3583(g) (amended 1994) on:

James Pavlock
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania  19106.


    /s Michael D. Raffaele
MICHAEL D. RAFFAELE
Research & Writing Attorney


DATE:        February 17, 2012